UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>DANIEL REYES-ZARATE,<br>　　　　　　　　　　　Defendant. | CASE NO. 13CR4121-WQH<br>ORDER |

HAYES, Judge,

　　　The matter before the Court is the Defendant's motion for specific performance of the plea agreement and sentencing before a different district court judge filed by Defendant Daniel Reyes-Zarate. (ECF No. 99).

**BACKGROUND FACTS**

　　　On October 21, 2013, Defendant Daniel Reyes-Zarate was arrested.

　　　On November 14, 2013, an Information was filed charging the Defendant with a violation of 8 U.S.C. §1326(a) and (b).

　　　On February 25, 2014, Plaintiff United States and the Defendant entered into a plea agreement. (ECF No. 74). Defendant agreed to waive indictment, and agreed to plead guilty to the Information. Defendant waived his trial rights. Defendant acknowledged that the sentence imposed will be based upon the factors set forth in 18 U.S.C. § 3553(a) and that the Court must consult the sentencing guidelines and take them into account. The plea agreement stated in part: "Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office." *Id.* 6. The plea agreement

provided in part as follows:

### SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

    1.  Base Offense Level [USSG § 2L1.2]    8

    2.  Prior Conviction    +8 (FN 1)
[USSG § 2L1.2(b)(1)(A) (B) (C) (D) (E)]
(Specific Offense Characteristic to be determined by the Court at time of sentencing following preparation of a presentence report.)

    3.  Acceptance of Responsibility [USSG § 3E1.1]    -3

    4.  Departure for Fast Track    -4 *
[USSG § 5K3.1]

\* If Defendant is determined by the Government to be in Criminal History Category VI, then the Government will recommend only a two-level downward departure for Fast-Track. Furthermore, the Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing in the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

FOOTNOTE 1 stated:

"The parties agree that if, before defendant is sentenced, contrary or additional information is discovered concerning defendant's criminal history which changes defendant's applicable SOC, then the Government may recommend a sentence based upon any such changes."

### PARTIES RECOMMENDATIONS REGARDING SENTENCING

The Government agrees to recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the Government at the time of sentencing, pursuant to this agreement. The defendant agrees to recommend a sentence within the advisory guideline range as calculated by the defendant at the time of sentencing, pursuant to this agreement. *The government also agrees not to recommend a sentence greater than 27 months custody.*[1]

...

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement,

---

[1] Italics indicate interlineation.

- 2 -    13CR4121-WQH

> defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. ...

(ECF No. 74 at 7-10).

On February 25, 2014, Defendant entered a plea of guilty to the Information as provided in the plea agreement before the United States Magistrate Judge. Sentencing with a presentence report was set for May 19, 2014 before this district court judge. On March 3, 2014, this district court judge accepted the plea. (ECF No. 83).

On March 25, 2014, the presentence report was filed. (ECF No. 85). In the Offense Level Computation, the Probation Office recommended a base offense level of 8; and a 16 level increase for Specific Offense Characteristics under USSG § 2L1.2(b)(1)(A)(ii). The Specific Offense Characteristic was based upon a prior categorical crime of violence, specifically, a conviction on April 19, 1999 for second degree robbery pursuant to section 211.212.5(c) PC, in Orange County Superior Court. The presentence report concluded that the total offense level was 24. After a three level reduction for acceptance of responsibility and a two level reduction for fast track, the resulting guideline range was 63-78 months. (ECF No. 24).

On May 29, 2014, the Government filed a Sentencing Summary Chart stating in part: "Specific Offense Characteristics: USSG §2L1.2(b)(1)(A) - Felony +16*" and "Resulting Guideline Range: Adjusted Offense Level 19 from 51mths To 63 mths." (ECF No. 92). The Sentencing Summary Chart stated in part:

> (*Pursuant to footnote 1, p.7, the Government has learned in the PSR that the Defendant had a robbery conviction that amounts to a +16. Nonetheless, the **Government is recommending a custodial sentence of 27 months**, in accordance with an interlineation of the plea agreement that was made on page 9, Section XI, paragraph F. The Government is hereby recommending a *variance of 24 months* so that the Defendant can get the benefit bargain made by the parties, and the terms of the plea agreement are honored.

*Id*.

## CONTENTIONS OF THE PARTIES

Defendant contends that the Government breached the plea agreement by recommending a Specific Offense Characteristic of +16 and a Sentencing Guideline Range of 51-63 months in the Government's Sentencing Summary Chart. Defendant asserts that the Government made a promise in the plea agreement to recommend an eight level increase for Specific Offense Characteristic and that no provision of the plea agreement allowed the Government to change its Specific Offense Characteristic recommendation and the resulting guideline range. Defendant asserts that he is prejudiced because Government did not keep its promise to recommend a guideline range based upon a Specific Offense Characteristic of +8, and the increase in the Specific Offense Characteristic expands the appellate waiver beyond the plea bargain. Defendant contends that the appropriate remedy is specific performance of the contract in front of a different district court judge.

The Government asserts that Footnote 1 in the plea agreement permits it to recommend a higher Specific Offense Characteristic if contrary or additional information is discovered which changes Defendant's applicable Specific Offense Characteristic. The Government states that it learned in the presentence report that the Defendant had a robbery conviction that amounts to a +16. The Government contends that it has complied with the literal meaning of the plea agreement when it listed the correct Specific Offense Characteristic as +16 in its sentencing summary chart but stood by its promise to recommend 27 months custody.

## APPLICABLE LAW

In *United States v. Alcala-Sanchez*, 666 F.3d 571 (9th Cir. 2012), the Court of Appeals for the Ninth Circuit stated:

> [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). A plea agreement is a contract, and the government is held to its literal terms. *[United States v.] Mondragon*, 228 F.3d [978, 980 (9th Cir. 2000)]. Requiring the government to strictly comply with the terms of a plea agreement encourages plea bargaining, "an essential component of the administration

> of justice," *Santobello*, 404 U.S. at 260, 92 S.Ct. 495, because it ensures that a defendant gets the benefit of his or her bargain—the presentation of a "united front" to the court. See *United States v. Camarillo–Tello*, 236 F.3d 1024, 1028 (9th Cir.2001).
>
> It does not matter that a breach is inadvertent, *see Santobello*, 404 U.S. at 262, 92 S.Ct. 495, or "that the statements or arguments the prosecutor makes in breach of the agreement do not influence the sentencing judge." *Gunn v. Ignacio*, 263 F.3d 965, 969–70 (9th Cir. 2001).

*Id.* at 575. In *Alcala-Sanchez*, the government agreed in the plea agreement to recommend a total offense level of 12 and subsequently filed a sentencing summary chart "repeating the PSR's calculations of an offense level of 20 and a Guideline range of 63 to 78 months, and recommending a sentence of 78 months, at the high end of the Guideline range." *Id.* at 573. The prosecutor later filed a corrected sentencing summary chart with an adjusted offense level of 12 and a Guideline range of 27 to 33 months, consistent with the plea agreement. The Court of Appeals found that the Government breached the "literal terms of the plea agreement" when it "submitted a sentencing summary chart recommending a total offense level of 20 and a 78-month sentence." *Id*. at 575-756. The Court of Appeals concluded that "this did not present a 'united front' to the court," vacated the sentence, and remanded the case for resentencing before a different judge. *Id.*

## RULING OF THE COURT

In this case, the plea ggreement states that the parties will jointly recommend a guideline range based upon a "Specific Offense Characteristic of +8." (ECF No. 74 at 7). The Government Sentencing Summary Chart recommended a Specific Offense Characteristic of +16 and a resulting guideline range of 51 to 63 months. Accepting the Government's interpretation of the plea agreement, Defendant waived appeal and collateral attack, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above 63 months. Using the promise of the Government to recommend a Specific Offense Characteristic of +8, the guideline range recommended by the Government would be 27-33 months and Defendant waived appeal and collateral attack, except a post-

1  conviction collateral attack based on a claim of ineffective assistance of counsel, unless
2  the Court imposes a custodial sentence above 33 months.
3      In support of its position that the terms of the plea agreement allowed it to change
4  its recommendation for a Specific Offense Characteristic of +8, the Government relies
5  upon FOOTNOTE 1 which provides:

> The parties agree that if, before defendant is sentenced, contrary or additional information is discovered concerning defendant's criminal history which changes defendant's applicable SOC, then the Government may recommend a sentence based upon any such changes.

9  (ECF No. 74 at 7).  This provision of the plea agreement states that the "Government
10 may recommend **a sentence** based upon any such changes."  There is no language in
11 the plea agreement which states that the Government is entitled to change its
12 recommendation for a Specific Offense Characteristic of +8.  Based upon the effect of
13 the Government's recommendation on the appeal waiver and the absence of any
14 language to support the Government's interpretation of the plea agreement, the Court
15 concludes that the Government is required to recommend a Specific Offense
16 Characteristic of +8 as provided in the plea agreement.  *See United States v.*
17 *Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000) ("The integrity of our judicial system
18 requires that the government strictly comply with its obligations under a plea
19 agreement.").
20     IT IS HEREBY ORDERED that the motion for specific performance of the plea
21 agreement and sentencing before a different district court judge filed by Defendant
22 Daniel Reyes-Zarate  (ECF No. 99) is granted.  The Clerk of the Court shall reassign
23 this case to another district judge for sentencing.
24 DATED: July 30, 2014

**WILLIAM Q. HAYES**
United States District Judge